## EBERHARD MANUF'G CO. v. ELBEL et al.

### (Circuit Court, N. D. Ohio, E. D. August 8, 1893.)

### No. 5,009.

PATENTS—ANTICIPATION—INFRINGEMENT—HARNESS TRIMMINGS.
   The Zeller patent, No. 207,791, for improvements in harness trimmings, shows patentable invention, and was not anticipated either by the Zeller patent of 1874, or by the Hinman patent of February 25, 1868.

This was a suit by the Eberhard Manufacturing Company against Elbel & Co. for infringement of the Zeller patent, No. 207,791. The patent relates to drop hooks and terrets for harness. The hook is used for holding the checkrein which extends from the bridle bit, and is secured to the apex of the harness saddle. The terrets are rings through which the driving reins pass, and are fixed to the sides of the harness saddle. The patented hook comprised three parts,—a base plate having rivet holes enabling it to be attached to the harness saddle, and having a concave bearing for the hook; an annularly grooved hook; and a covering cap piece fitting over the groove of the hook, forming, with the concavity of the base plate, a contracted cylindrical cavity, which prevents the shank from moving lengthwise, but leaves it free to turn laterally, and drop into a horizontal position when not in use.

E. A. Angell and Thomas W. Bakewell, for complainant.
M. D. Leggett and Charles R. Miller, for respondents.

RICKS, District Judge. The bill is filed for infringement of letters patent No. 207,791, granted on September 3, 1878, to Melancthon E. Zeller, for an improvement in harness trimmings. The complainant has given to the public a very simple device, which combines several elements that are all calculated to make it acceptable and useful. Though it presents no single element evincing great invention, it combines several new features, which, taken together, make it a successful device, which has rapidly won its place among articles of useful manufacture. It is easily and cheaply made; so designed and constructed as to be easily put together; each part performs the function claimed for it; and when put into

use it is superior to any other article made or designed for the same purpose. It can be made and sold separately; can be readily attached to any kind of harness; and it fulfills the uses for which it was designed. In it the patentee developed as to its leading features that "last step" which completes invention, and makes the device a success. This is particularly striking in comparing the device of the patent in suit with the device of the same patentee in the patent designated the "Zeller Patent of 1874." That device was practically inoperative, both because of the expense and difficulties connected with its manufacture, and more particularly because the falling hook, which was designed to receive the checkrein, had such a long vertical end projecting through the elevated plate or passage that when the strain on the checkrein was lessened so as to permit the hook to slip back, or to force it back, towards or over the crupper loop, the ring, instead of falling easily and surely, would catch and remain rigid. One of the principal features claimed for the hook so constructed was that it would readily fall and prevent its destruction in case the horse or mule should fall or roll with the harness on it, so that for the chief advantage claimed it was inoperative. The chief defense against this patent is that it was anticipated by the manufacture and sale of various articles of common use by nine prior United States patents. The two chiefly relied upon as showing an anticipation are those of J. W. Hinman, February 25, 1868, and of M. E. Zeller, of September 15, 1874, just referred to. The Hinman patent, while it involves the drop hook and drop ring in a device intended for an entirely different use, did not disclose those uses in a way to make them any more conspicuous than had been done in other devices in which they had been previously employed, or than would suggest such use in a drop hook such as used in complainant's patent. I do not, therefore, think that the Hinman patent was an anticipation.

For the reasons stated before, I do not think the earlier Zeller patent is an anticipation. It is intimated in brief of defendants' counsel that the claim in the earlier patent, abandoned by Zeller, viz.: "A harness finding consisting of the plate, A, upon which is formed the elevation, a, having an eye or passage, A', to receive a terret or ring, a hook or other harness attachment, substantially as and for the purpose set forth,"—is substantially the same as the claims of the later patent, and should estop him from setting up the same in his present suit. The essence of the later invention is that the parts are cast separately, and so made as to be easily and cheaply made and put together, and, when so combined, to furnish a stronger and more satisfactory product. All this is accomplished. And there is no ground for estoppel on the plea that the former claim abandoned is the same device. The defendants have not seen fit to use any of the devices set out in the nine patents pleaded. They have, however, patterned the article they manufacture exactly from that of complainant. They have done this after correspondence, and with full information as to complainant's claims. The hook is a clear infringement of the first and

third claims of the patent, and the terret of the second claim. The complainant is entitled to a decree sustaining its patent, finding infringement, and for an accounting.